Dear Mr. Auderer:
You ask this office if the governing body of St. Bernard parish may adopt an ordinance requiring an individual to prove Louisiana citizenship and residency, where that individual is a member of a Louisiana limited liability company which is an applicant for a liquor license.
Sections 80 and 280 of Title 26 of the Louisiana Revised Statutes set forth the qualifications of applicants for liquor permits. R.S. 26:80
provides, in pertinent part:
 Title 26. Liquors-Alcoholic Beverages
 Chapter 1. Alcoholic Beverage Control Law
 Part II. Permits
 § 80. Qualifications of applicants for permits
 A. Applicants for state and local permits of all kinds shall meet all of the following qualifications and conditions:
 * * * * * (2) Be a citizen of the United States and the state of Louisiana and a resident of the state of Louisiana continuously for a period of not less than two years next preceding the date of the filing of the application. . . .
 * * * * * (2) The requirements as to citizenship and residence do not apply *Page 2 to officers, directors, or stockholders of corporations or members of limited liability companies applying for retail permits. . . .(Emphasis added).
R.S. 26:280 further provides, in pertinent part:
 Title 26. Liquors-Alcoholic Beverages
 Chapter 2. Alcoholic Beverage Control and Taxation
 Part II. Permits for Dealers in Beverages of Low Alcoholic Content
 § 280. Qualifications of applicants for permits
 A. Applicants for state and local permits of all kinds shall meet the following qualifications and conditions:
 (1) Be a person of good character and reputation and over eighteen years of age.
 (2) Be a citizen of the United States and of the state of Louisiana and a resident of the state of Louisiana continuously for a period of not less than two years next preceding the date of the filing of the application. . .
 * * * * * C. (1) . . . . .The requirements as to citizenship and residence do not apply to officers, directors, and stockholders or corporations or members of limited liability companies. . . . . (Emphasis added).
Under state law quoted above, the requirements of citizenship and residency do not apply to officers, directors, and stockholders of corporations applying for liquor permits in the state of Louisiana, nor do the requirements of citizenship and residency apply to those individuals who are members of a Louisiana limited liability company.
In Attorney General Opinion 82-421, addressing a similar inquiry, this office concluded "under state law, the requirements of citizenship and residency do not apply to officers, directors and stockholders of corporations applying for liquor permits in the State of Louisiana" and further noted that a local governing authority may not impose a residency requirement for liquor permits which is more onerous or restrictive than those required by state statute. See Attorney General Opinions 82-421, copy attached.
It remains the opinion of this office that an ordinance (such as the parish ordinance contemplated here) requiring an individual to prove Louisiana citizenship and residency, where that individual is a member of a Louisiana limited liability company which is an applicant for a liquor license, would be *Page 3 
invalid as imposing more onerous and restrictive requirements not provided for by state law.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 ATTACHMENT
WILLIAM J. GUSTE, JR., ATTORNEY GENERAL
September 28, 1982
OPINION NUMBER 82-421
Mr. John M. Stewart
Town Attorney
P. O. Drawer 179
Arcadia, Louisiana 71101
Dear Mr. Stewart:
You requested an opinion from this office concerning the legality of a municipal ordinance which imposes a residency requirement for a liquor permit when state laws do not impose such a requirement in its qualifications for a liquor license or permit.
Specifically, you stated that Section 7 of the Liquor Ordinance for the Town of Gibsland provides that where an applicant for a liquor license is a corporation, all officers, directors and stockholders owning in the aggregate more than five percent of the stock, and the person or persons who shall conduct or manage the business, shall posses the qualifications required of an applicant. Section 7(2) of the ordinance continues by providing that in order to be granted a permit, the applicant must be a citizen of the United States and of the State of Louisiana, and a resident of the State of Louisiana continuously for a period of not less than two years prior to the date of the filing of the application.
Sections 79 and 279 of Title 26 of the Louisiana Revised Statutes state the requisite qualifications of applicants for liquor permits. LSA-R.S. 26:79 provides in pertinent part, that:
 A. Applicants for state and local permits of all kinds shall meet the following qualifications and conditions:
 (2) Is a citizen of the United States and of the state of Louisiana and a resident of the state of Louisiana continuously for a period of not less than two years next preceding the date of the filing of the application. However, the requirements as to Louisiana citizenship do not apply to wholesalers or retailers who held permits on or prior to January 1, 1946. *Page 2 
 * * * * If the applicant is a corporation, all officers and directors and all stockholders owning in the aggregate more than five percent of the stock and the person or persons who shall conduct or manage the business shall possess the qualifications required of an applicant, to be shown by the affidavit of each accompanying the application. However, the requirements as to citizenship and residence do not apply to officers, directors, and stockholders of corporations applying for retail permits only. The corporation shall be either organized under the laws of the state of Louisiana or qualified to do business within the state of Louisiana.
LSA-R.S. 26:279 also provides, in pertinent part, as follows:
 A. Applicants for state and local permits of all kinds shall meet the following qualifications and conditions:
 (2) Is a citizen of the United States and of the state of Louisiana and a resident of the state of Louisiana continuously for a period of not less than two years next preceding the date of the filing of the application. However, the requirements as to Louisiana citizenship do not apply to wholesale or retail dealers who have continuously held permits since July 26, 1944.
 * * * * If the applicant is a corporation, all officers and directors and all stockholders owning in the aggregate more than five percent of the stock and the person or persons who shall conduct or manage the business shall possess the qualifications required of an applicant. However, the requirements as to citizenship and residence do not apply to officers, directors, and stockholders of corporations. The corporation shall be either organized under the laws of the state of Louisiana or qualified to do business within the state of Louisiana.
After reading the statutes quoted above, it can clearly be concluded that, under state law, the requirements of citizenship and residency do not apply to officers, directors and stockholders of corporations applying for liquor permits in the State of Louisiana. *Page 3 
It has been the opinion of this office that a municipality may not make qualifications for liquor permits more onerous or restrictive than those qualifications required by state statute.
In Opinion Number 72-1249, this office was asked to render an opinion on the legality of a municipal ordinance which required that an applicant for a liquor license shall have been a resident of the municipality for the preceding two years. In that particular opinion, it was said that the municipality may not legally establish qualifications for liquor licenses beyond those requirements contained in Sections 79 and 279 of Title 26 of the Louisiana Revised Statutes.
Thus, in accordance with the quoted state statutes and opinions previously issued by this office, the municipal ordinance for the Town of Gibsland, which imposes a residency requirement not required by state law, is illegal in that its qualification requirements are more restrictive and onerous than those of the State of Louisiana.
It is hoped that this opinion has been of some assistance to you. If we may be of any further assistance, please contact us.
 Sincerely,
 WILLIAM J. GUSTE, JR.
 Attorney General
 ___________________________
 CASSANDRA SIMMS
 Staff Attorney
 CS: jv